NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-4390

———————

KAI CHEN,
                              Petitioner
        v.

ATTORNEY GENERAL OF THE
        UNITED STATES,
                              Respondent

———————

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A70-697-531)
Immigration Judge:  Charles M. Honeyman

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
May 13, 2010

Before:  BARRY, WEIS and ROTH, Circuit Judges.

(Filed: June 29, 2010)

———————

OPINION

———————

WEIS, Circuit Judge.

        Kai Chen, a Chinese citizen, illegally entered the United States in June

1993.  Claiming a fear of persecution if returned to China, he sought asylum later that

1

year. A final order denying asylum was issued on April 28, 2004. Nearly three years later, March 26, 2007, Chen moved to reopen his deportation proceedings. The Board of Immigration Appeals (BIA) denied the motion as untimely, and Chen petitioned for review. We will deny the petition.

Chen argues that the BIA's decision to deny his motion to reopen was error. He asserts that his motion was timely filed due to, among other things, the birth of his two children in the United States and the increased use of forced abortions and sterilization in China. Chen also contends that, as part of his motion to reopen, he demonstrated prima facie eligibility for asylum, withholding of removal, and relief under the Convention Against Torture.

The BIA found that Chen's motion to reopen was filed outside the statutory time limit, see 8 U.S.C. § 1229a(c)(7)(C)(I) (unless an exception applies, a "motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal"), and that he did not satisfy the claimed exception to the timeliness requirement. See 8 U.S.C. § 1229a(c)(7)(C)(ii) ("[t]here is no time limit on the filing of a motion to reopen if . . . the motion is [among other things] . . . based on changed country conditions arising in the country of nationality").

According to the BIA, the birth of Chen's children was a change in "personal circumstances," not conditions in China. In addition, the BIA determined that the other evidence presented, including Chen's affidavit and his father's letter, failed to demonstrate changed country conditions, a well-founded fear of persecution, or a

2

reasonable chance that Chen would be sterilized if removed to China. Accordingly, the motion to reopen was denied, and the BIA chose not exercise its discretion to reopen Chen's proceedings sua sponte.

The Supreme Court has explained that "[m]otions for reopening of immigration proceedings are disfavored[,]" INS v. Doherty, 502 U.S. 314, 323 (1992), and we have acknowledged that generally they are to be "granted only under compelling circumstances." Guo v. Ashcroft, 386 F.3d 556, 561 (3d Cir. 2004). "In light of th[o]se considerations . . . we review the denial of a motion to reopen for abuse of discretion." Id. at 562. Our "highly deferential" examination of the record before us reveals no reversible error. See id. The BIA's decision to deny Chen's motion to reopen was not "arbitrary, irrational, or contrary to law." See id.

Accordingly, the petition for review will be denied.